S. A. FOSTER LUMBER COMPANY, APPELLANT, V. H. E. GLAT-
FELTER ET AL., APPELLEES.

FILED APRIL 1, 1916.  No. 18838.

APPEAL from the district court for Merrick county:
GEORGE H. THOMAS, JUDGE.  *Reversed with directions.*

*James H. Woolley,* for appellant.

*Martin & Bockes, contra.*

LETTON, J.

Plaintiff furnished material to defendant for the build-
ing of a house under an oral contract.  Payment was made
for most of the material as the work progressed, but, a dis-
pute having arisen as to some of the items, defendant re-
fused to pay the remainder due under the contract.  A
materialman's lien was filed by the plaintiff, to foreclose
which this action is brought.  The petition alleges the
furnishing of material to the amount of $1,512.60, and
that there is a balance due of $120.70, with interest.

The defense is that a certain grate included in the con-
tract, of the value of $22.50, 60 feet of oak flooring, of the
value of $6, and two door sidelights, of the value of
$16, were not furnished as provided by the agreement;
that the lumber was not furnished promptly, thereby de-
laying the completion of the building for a month, to the
damage of defendant in the reasonable rental value, which
was $25; and that defendant has been damaged by the
loss of time of his employees in the sum of $150.  He asks
judgment for the balance due after crediting plaintiff with
$120.70.  The reply pleads that all the items were fur-
nished, and denies any stipulation as to the time, and any
damage by reason of delay.

From the testimony we are satisfied that, while plaintiff's agent may not have intended to furnish a grate, the defendant was justified in believing from the conversation that this was included in the estimate. As to the sidelights, the proof shows that when they arrived the glass in one of them was broken or cracked; that plaintiff offered to have this replaced, but defendant refused to receive the same because he wanted another style of light. We think he is justly chargeable with the cost of the sidelights, less $3, the amount which it is shown it would probably cost to have the glass replaced.

Plaintiff has not sustained the burden of proof as to the delivery of more than 900 feet of oak flooring. Defendant is therefore entitled to a credit of $6 on this item. It is shown that some delay was caused by defendant's desire to select fir finishing, instead of taking it as it came, and the consequent waiting for another car of fir to arrive, and we doubt whether the other delay was caused by plaintiff's fault. In any event, we are satisfied that the allowance of one month's rental value of the house covers all the damages defendant suffered from delay occasioned by the default of plaintiff. Defendant, therefore, should be credited with $25 for delay, $22.50 for grate, $3 repairs on sidelights, and $6 flooring shortage. After crediting the items mentioned on $120.70 which defendant's answer admits is due plaintiff, the balance due is $61.70, for which plaintiff is entitled to judgment as of April 23, 1914, the date of the original judgment in this case.

The judgment of the district court is reversed, and the cause remanded, with directions to enter judgment in favor of plaintiff for $61.70, with interest from April 23, 1914, and costs of suit.

REVERSED.

SEDGWICK, J., not sitting.